**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

SIMIN NICHOLAS SHAW                    CIVIL ACTION NO. 26-0587

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

U.S. IMMIGRATION & CUSTOMS             MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT

**MEMORANDUM ORDER**

Before the Court is a Motion to Terminate Mandatory ICE Detention (Record Document 3) filed by the *pro se* habeas petitioner in this case, Simin Nicholas Shaw ("Petitioner").  A final order of removal was entered as to Petitioner on February 18, 2014. See Record Document 1 at 4.  She was taken into custody on July 13, 2025.  See id. Petitioner is presently detained at the South Louisiana ICE Processing Center in Basile, Louisiana.  See Record Document 3 at 1.

On February 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1) along with the instant Motion. In the Habeas Petition, Petitioner challenges the legality of her continued detention and seeks immediate release from custody. See Record Document 1-2 at 8.  Likewise, in the instant Motion, Petitioner seeks substantially identical relief—namely, immediate release from mandatory ICE detention. See Record Document 3 at 1.

Petitioner's request in the instant Motion is one for injunctive relief.  An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the

injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in her Habeas Petition, that is, immediate release.  In Pema Sherpa v. Judith Almodovar, et al., another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to

render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. <u>See</u> <u>Garcia-Aleman v. Thompson</u>, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Terminate Mandatory ICE Detention (Record Document 3) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE