a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SIMIN NICHOLAS SHAW, A#070-399-873,
Petitioner

CIVIL DOCKET NO. 6:26-CV-00587, SEC P

VERSUS

JUDGE S. MAURICE HICKS, JR.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Simin Nicholas Shaw ("Shaw"), an immigration detainee at South Louisiana ICE Processing Center in Basile, Louisiana.  She challenges the legality of her continued detention.

Because there is no significant likelihood of Shaw's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Shaw is a native of Iran who entered the United States as a lawful permanent resident (RE8 – child of other refugee) on November 21, 1994, at Dallas, Texas under INA §209.  ECF No. 18-3 at 1.

Shaw was granted cancellation of removal under INA §240A(a) on June 24, 2003.  *Id.*

1

On October 9, 2013, Shaw was detained by ICE after her release from the Arkansas Department of Corrections. She was charged under INA §237(a)(2)(A)(iii) for being convicted of an aggravated felony as defined in INA §101(a)(43)(B). ECF No. 18-3 at 1. On February 18, 2014, all applications for relief were denied, and Shaw ordered removed to Iran. The removal order became administratively final on March 19, 2014. *Id.*

On March 31, 2014, Enforcement and Removal Operations ("ERO") mailed a travel document request to the Consulate of Pakistan, Interests Section of the Islamic Republic of Iran*. Id.*

On June 3, 2014, Shaw was released from ICE custody on an Order of Supervision. *Id.* at 2.

Over 10 years later, on June 22, 2025, Shaw's Order of Supervision was revoked. Shaw was re-detained by ICE on July 13, 2025. *Id.*

On July 28, 2025, ERO uploaded a travel document request into the electronic travel document system to request the Interest Section of the Islamic Republic of Iran. *Id.* On September 16, 2025, ERO mailed a travel document request to the Interest Section of the Islamic Republic of Iran. *Id.*

On November 3, 2025, Shaw participated in a telephone interview with the Embassy of Iran. *Id.*

II.   Law and Analysis

    A.   The Court has jurisdiction.

The Court has jurisdiction to consider Shaw's challenge to her continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at \*6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at \*2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at \*2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

    B.   There is no significant likelihood of Shaw's removal in the reasonably foreseeable future.

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must

either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Shaw's removal order became final on March 19, 2014, and she has been detained since July 13, 2025, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Shaw asserts that she could not be removed to Iran in 2014 when she was released on supervision, and nothing has changed since then with respect to the Government's ability to deport her. ECF No. 1, 22. Additionally, the Court takes judicial notice of the war in Iran—which began shortly after the Petition was filed—and the resulting suspension of diplomatic relations and travel with many countries

4

in the region. *See* Fed. R. Evid. 201(b).[1]  Therefore, there is good reason to believe that there is no significant likelihood of Shaw's removal in the foreseeable future.

The burden shifts to the Government to provide evidence of a significant likelihood that Shaw will be deported in the reasonably foreseeable future.  The Declaration submitted by the Government provides that an application for a travel document was submitted to Iran electronically on July 28, 2025, and by mail on September 16, 2025.  ECF No. 18-3 at 2.  That a travel document request was submitted does not establish that removal is significantly likely to occur in the reasonably foreseeable future. *See Yang v. Warden Jackson Par. Corr. Ctr.,* 25-CV-1962, 2026 WL 503246, at *3 (W.D. La. Feb. 6, 2026), *recommendation adopted,* 2026 WL 500655 (W.D. La. Feb. 23, 2026).  Travel document requests can be denied, ignored, or processed in the distant future. *Id.*  In fact, the Declaration indicates that the request to Iran has gone unanswered for over nine months.  ECF No. 18-3 at 2.

There is no evidence that Iran is likely to issue a travel document in the reasonably foreseeable future, especially considering the ongoing conflict in the

---

[1] Neither this war nor other domestic or international events change the fundamental Constitutional prohibition on indefinite detention without a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. To the contrary, foreseeability turns upon—and thus demands inquiry into—some of the very issues affected and disrupted by war and similar events, including the actual, current conditions in proposed removal countries and the status of our diplomatic relations with such countries. *See Tran v. Mukasey*, 515 F.3d 478, 482–84 (5th Cir. 2008) (granting habeas relief where lack of repatriation agreement prevented removal). The Government thus cannot foreseeably execute removal orders to any such country, particularly given the ongoing and uncertain scope and course of the war in and around Iran.

Middle East.  *See Yang*, 2026 WL 503246, at \*3 n. 5 (collecting cases).  As other courts have noted, "Iran has historically been uncooperative in efforts by the United States to repatriate its citizen[s]."  *Anjomshoa v. Oldham Cnty. Jail*, 3:26-CV-020, 2026 WL 1034403, at \*3 (W.D. Ky. Apr. 16, 2026) (quoting *Minassi v. Noem*, No. 5:26-cv-00723, 2026 WL 923289, at \*5 (C.D. Cal. Apr. 1, 2026) (citing *Kamyab v. Bondi*, 25-389, 2025 WL 2918081, at \*2 (W.D. Wash. Aug. 5, 2025)).  Additionally, on March 24, 2026, one month before the Response was filed here, the Government advised the United States District Court for the Southern District of California that "[d]ue to the ongoing conflict in Iran, all removal and transit flights to Iran have been postponed. As a result, Respondents concede that there is no significant likelihood of removal in the reasonably foreseeable future."  *Yousefi v. Larose*, 26-CV-272 (S.D. Ca.), ECF No. 13.

Furthermore, there is no evidence of efforts to remove Shaw to a third country.  In fact, no progress has been documented by the Government other than two unanswered requests to Iran submitted last year.  ECF No. 18-3.

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain.  *See Zadvydas*, 533 U.S. at 689–701.  On this record, there is a good reason to believe there is no significant likelihood of Shaw's removal in the foreseeable future.

## III.    Conclusion

Because there is no significant likelihood of Shaw's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Shaw be RELEASED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 21, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7